UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:14-CV-75-TBR

DENNIS BELL                                                                          PLAINTIFF

v.

RBC MORTGAGE COMPANY, *et al.*                                                       DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Dennis Bell's motion for default

judgment. (Docket #8). Plaintiff has replied to this motion. (Docket #9). Plaintiff has also filed

supplemental statements in support of this motion. (Docket #12, 15). Defendant RBC Mortgage

Company has filed a motion to dismiss. (Docket #21). Plaintiff has responded. (Docket #23).

Plaintiff has also filed a declaration in support of his response. (Docket #24). Defendant has

replied. (Docket #25). For the following reasons, the entry of default (Docket #6) will be

VACATED, Plaintiff's motion for default judgment (Docket #8) will be DENIED, and

Defendants' motion to dismiss (Docket #21) will be GRANTED.

## BACKGROUND

This action arises out of a mortgage taken out by Plaintiff Dennis Bell from Defendant

RBC Mortgage Company. On June 17, 2004, Bell and RBC Mortgage executed a mortgage for

$60,500 (the "Mortgage"). (Docket #1). Bell purchased property at 2914 Benton Road, Paducah,

Kentucky. RBC Mortgage placed a lien on the property. Bell made monthly payments of

$377.44 to RBC Mortgage. (Docket #1). Bell made payments until March, 2010. (Docket #15).

Bell alleges that RBC Mortgage was not authorized to conduct business in Kentucky and

not licensed to execute mortgages. (Docket #1). Bell alleges that RBC Mortgage thereby

violated KRS 286.8-030, which prohibits a mortgage loan company from transacting business unless it is licensed or exempt from licensing. Bell further alleges that RBC Mortgage fraudulently concealed its unlicensed status and transferred the Mortgage to Chase Home Finance. (Docket #1).

RBC Mortgage has provided proof that it was authorized to conduct business in Kentucky in 2004. (Docket #21, Ex. 3). RBC Mortgage has also provided proof that in 2004 it was exempt from Kentucky's licensing requirements because RBC Mortgage was regulated by the Department of Housing and Urban Development ("HUD"). (Docket #21, Ex. 5). Bell argues that his claims are still valid because RBC Mortgage subsequently lost its authority to conduct business in Kentucky and its regulated status under HUD.

Finally, this Court previously granted an entry of default in favor of Bell. (Docket #6). Bell has now moved for default judgment. (Docket #8). Bell initially served RBC Mortgage at an address in Texas, which was accepted by an "A. Alexander." (Docket #4). RBC Mortgage claims that it has not maintained an office in Texas since 2006 and does not employ a person whose last name is Alexander. (Docket #21, Ex. 2). Bell also served RBC Mortgage through the Kentucky and Illinois Secretaries of State. (Docket #11). This Court sent an order to RBC Mortgage's registered agent requiring RBC Mortgage to respond to this lawsuit no later than September 5, 2014. (Docket #14). RBC Mortgage timely responded. (Docket #21).

STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

**I.      The Court shall set aside the entry of default.**

This Court previously ordered an entry of default against RBC Mortgage. (Docket #5). Default judgment has not been entered. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190 (6th Cir. 1986) (explaining the difference between entry of default and default judgment and the lower legal standard for the former). The Court acted in reliance upon the proof of service that showed RBC Mortgage purportedly accepted service at its address in Houston, Texas. (Docket #4). RBC Mortgage claims that it has not maintained an office in Texas since 2006 and has no employee whose name matches the individual who accepted service of process. (Docket #21, Ex. 2).

Our courts have a "policy of favoring trials on the merits." *Shepard*, 796 F.2d at 192 (6th Cir. 1986). Therefore, an entry of default may be set aside "upon a showing of 'good cause.'" *United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing Fed. R. Civ. P. 55(c)). A district court has discretion to set aside an entry of default, but is guided by three factors:  (1) whether the plaintiff will be prejudiced;  (2) whether the defendant

3

has a meritorious defense;  and (3) whether "culpable conduct of the defendant led to the

default."  *Shepard*, 796 F.2d at 192 (collecting cases).

Setting aside the entry of default may delay Bell's recovery, but "mere delay" is

insufficient prejudice.  *United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th

Cir. 1983);  *Invst Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987) ("it must

be shown that delay will 'result in the loss of evidence, create increased difficulties of discovery,

or provide greater opportunity for fraud and collusion.'") (*quoting Davis v. Musler*, 713 F.2d

907, 916 (2d Cir. 1983)).  Moreover, this Court finds that RBC Mortgage has meritorious

defenses.  Finally, RBC Mortgage does not appear to be culpable in failing to timely answer

Bell's complaint.[1]  When this Court's order was sent to RBC Mortgage's registered agent, RBC

Mortgage did timely respond.  (Docket #14).

For the foregoing reasons, the Court will set aside its entry of default (Docket #5) and

will deny Bell's motion for default judgment.  (Docket #8).

**II.     In 2004, RBC was authorized to conduct business in Kentucky and exempt from Kentucky's mortgage company licensing requirements.**

Bell claims that RBC Mortgage was unauthorized to transact business in Kentucky and

that RBC Mortgage was not licensed to act as a mortgage loan company when Bell executed his

mortgage in 2004.  (Docket #1).  RBC Mortgage has provided proof refuting both claims.

---

[1] After the entry of default, Bell submitted proof that he served RBC Mortgage through the Illinois and Kentucky Secretaries of State.  Even if RBC Mortgage had been properly served, there still exists good cause for setting aside the entry of default.  This case was less than five months old when RBC Mortgage entered an appearance.  Service through the Secretary of State is, as a practical matter, less likely to put a defendant on notice of the claims against them.  RBC Mortgage did timely respond once this Court sent an Order to RBC Mortgage's registered agent.  These factors, coupled with the "policy of favoring trials on the merits," are good cause to set aside the entry of default.  *Shepard*, 796 F.2d at 192.

First, RBC Mortgage has provided a printout of the Kentucky Secretary of State's website, showing RBC Mortgage was authorized to conduct business from 1999 until 2006. (Docket #21, Ex. 3). Bell notes that RBC Mortgage lost its authorization in November, 2006. While this is true, it does not retroactively invalidate RBC Mortgage's ability to conduct business in 2004.

Second, Bell claims RBC Mortgage was not licensed to act as a mortgage loan company in Kentucky. RBC Mortgage has provided proof that it was regulated by HUD from 1994 until 2005. (Docket #21, Ex. 5). In 2004, entities regulated by HUD were exempt from Kentucky's licensing requirements. *See* KRS § 286.8-020 (previously KRS § 294.020). Bell points out that RBC Mortgage was disciplined by HUD in 2005 for submitting mortgages for insurance endorsement with the Federal Housing Authority, even though some of the submitted mortgages had not had six months of required mortgage payments before default. (Docket #24, Ex. 1). In 2008, RBC Mortgage settled claims with the U.S. Department of Justice for $11 million. Bell argues that because RBC Mortgage "was operating outside of the guidelines set forth by HUD," it effectively lost its status as a HUD-regulated entity and therefore also lost its exemption from Kentucky's licensing requirements. (Docket #23). On the contrary, the fact that HUD did investigate and discipline RBC Mortgage reinforces the fact that RBC Mortgage was regulated by HUD and therefore exempt from Kentucky's licensing requirements.

Bell's claims fail as a matter of law because RBC Mortgage was authorized to conduct business and was exempt from licensing requirements when the Mortgage was issued in 2004.

### III. Bell's claims are barred by the five-year statute of limitations.

The parties agree that the statute of limitations is five years. *See* KRS § 413.120 (2), (12). The parties disagree when the statute of limitations began to run.

The "general rule in this jurisdiction [Kentucky] has been that the limitation period runs from the date the fraud was perpetrated." *Shelton v. Clifton*, 746 S.W.2d 414, 416 (Ky. App. 1988). However, "where it would not have been reasonable for the plaintiff to have discovered the injury on the actual date the fraud was perpetrated, the limitations period does not begin to toll until the date that the fraud was discovered or, through the exercise of reasonable diligence, should have been discovered." *First Fid. Mortg. v. Robertson*, 2011 Ky. App. Unpub. LEXIS 581 *5 (Ky. App. 2011) (unpublished). An action will be tolled only if "the plaintiff is able to demonstrate why the fraudulent act could not, through reasonable diligence, have been discovered sooner." *Id*. at *5-6 (*citing McCoy v. Arena*, 174 S.W.2d 726 (Ky. App. 1943)).

All of the acts on which Bell basis his complaint occurred five or more years before he filed this lawsuit. Furthermore, Bell had actual knowledge or could have discovered these facts with reasonable diligence. Kentucky revoked RBC Mortgage's authority to conduct business in 2006, which is public record. HUD released its investigation into RBC Mortgage in 2005. RBC Mortgage's settlement with the Justice Department was announced via press release in 2008. Bell acknowledges that RBC Mortgage directed him to send future payments to Chase Home Financial in either 2005 or 2006. Finally, Bell admits he filed a complaint against RBC Mortgage with HUD in 2008, and thereafter RBC Mortgage returned his monthly payments and ceased communications. (Docket #24). Collectively these actions show that Bell was on notice of his claims or could have, with reasonable diligence, discovered the grounds for this action. As all of these acts occurred in 2008 or before, and Bell did not file this lawsuit until 2014, his claims are barred by the five-year statute of limitations.

Bell argues that he could not discover RBC Mortgage's alleged fraud because RBC Mortgage "disappeared for 8 years and did not maintain a lawful existence." (Docket #23). This

argument is unpersuasive.  The loss of authority to conduct business in a state is not equivalent to disappearing, especially when RBC Mortgage was still authorized to conduct business in Illinois.

CONCLUSION

For the foregoing reasons, the entry of default (Docket #6) will be VACATED, Plaintiff's motion for default judgment (Docket #8) will be DENIED, and Defendants' Motion to Dismiss (Docket #21) will be GRANTED.

A separate order and judgment will issue.

cc: counsel of record