UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:14-CV-75-TBR

DENNIS BELL                                                                                          PLAINTIFF

v.

RBC MORTGAGE COMPANY, *et al.*                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Dennis Bell's motion for reconsideration. (Docket #28). Defendant RBC Mortgage Company has responded. (Docket #29). Plaintiff has replied. (Docket #30). The matter is now ripe. For the following reasons, Plaintiff's motion for reconsideration (Docket #28) is DENIED.

BACKGROUND

This action arises out of a mortgage taken out by Plaintiff Dennis Bell from Defendant RBC Mortgage Company. On June 17, 2004, Bell and RBC Mortgage executed a mortgage for $60,500 (the "Mortgage"). (Docket #1). Bell purchased property at 2914 Benton Road, Paducah, Kentucky. Bell made monthly payments of $377.44 until March, 2010. (Docket #1, 15).

Bell alleges that RBC Mortgage was not authorized to conduct business in Kentucky and not licensed to execute mortgages. (Docket #1). Bell alleges that RBC Mortgage thereby violated KRS 286.8-030, which prohibits a mortgage loan company from transacting business unless it is licensed or exempt from licensing. Bell further alleges that RBC Mortgage fraudulently concealed its unlicensed status and transferred the Mortgage to Chase Home Finance. (Docket #1).

1

RBC Mortgage has provided proof that it was authorized to conduct business in Kentucky in 2004. (Docket #21, Ex. 3). RBC Mortgage has also provided proof that in 2004 it was exempt from Kentucky's licensing requirements because RBC Mortgage was regulated by the Department of Housing and Urban Development ("HUD"). (Docket #21, Ex. 5). RBC Mortgage moved to dismiss Bell's complaint. (Docket #21). The Court granted RBC Mortgage's motion. (Docket #26). Bell now moves for reconsideration. (Docket #28).

STANDARD

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

"A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered." *Foreman v. United States*, 2012 U.S. Dist. LEXIS 187012 *3 (W.D. Mich. 2012) (citing *Equal Emp't Opportunity Comm'n v. Argent Indus., Inc.*, 746 F. Supp. 705, 706 (S.D. Ohio 1989)). "Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before." *Id*. (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

DISCUSSION

Bell requests this Court reconsider its order dismissing Bell's claims. Bell argues he has learned of two "recent cases [that] have uncovered certain elements of fraud and foreclosure

fraud which are being committed by RBC's agents and assigns on the mortgage." (Docket #28). Bell points to a lawsuit against the law firm of Lerner, Sampson & Rothfuss ("LSR") in which LSR allegedly assisted in the fraudulent assignment of mortgages. *See Slorp v. Lerner*, 2013 U.S. Dist. LEXIS 32538 (S.D. Ohio, 2013). Bell also points to a lawsuit against JP Morgan Chase ("Chase") in which the court found that Chase "executed and recorded false documentation purporting to transfer ownership." *Kalicki v. Jpmorgan Chase Bank, N.A.*, 2014 Cal. App. Unpub. LEXIS 4611 (Cal. App. 2014) (unpublished).

There are a number of reasons why these cases do not provide grounds for altering or amending this Court's judgment. First, these cases are not "newly discovered evidence" because to "constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Crawford v. TRW Auto. U.S. LLC*, 2008 U.S. Dist. LEXIS 35179 *2-3 (E.D. Mich. 2008). The *Slorp* case was filed in 2012 and originally decided in 2013. *Slorp v. Lerner*, 2013 U.S. Dist. LEXIS 32538 (S.D. Ohio, 2013). The *Kalicki* case was decided in 2012. *See Kalicki*, 2014 Cal. App. Unpub. LEXIS 4611 ("In September 2012, the trial court entered a judgment on the stipulation in favor of the Kalickis"). These cases were previously available and therefore cannot support a motion for reconsideration. Second, Bell has not shown that these prior examples of wrong-doing would be admissible evidence. *Crawford,* 2008 U.S. Dist. LEXIS 35179 *2-3 ("The movant also must demonstrate that the newly discovered evidence is admissible"). Without passing on the merits of this issue, the Court notes that evidence of prior crimes or bad acts is generally inadmissible to show that a person committed a crime or bad act in the present instance. Fed. R. Evid. 404. Finally, and perhaps most importantly, Bell does not address this Court's prior decision that RBC Mortgage was authorized to conduct business at the time of the

Mortgage, exempt from state regulation as a HUD-regulated entity, and that Bell's claims were barred by the statute of limitations. (Docket #26). Instead, Bell raises new arguments against LSR and Chase, which are not parties to this case. For that same reason, the Court will deny Bell's motion to amend.

While leave to amend a complaint is generally freely given under Rule 15, "when a Rule 15 motion comes after a judgment against the plaintiff, that is a different story." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). If judgment has been rendered, the court must consider "the competing interest of protecting the 'finality of judgments and the expeditious termination of litigation.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (2002) (*quoting Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991)). "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Leisure Caviar*, 616 F.3d at 616 (*quoting James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983)). In this case, the Court is particularly reluctant to allow new claims against new parties while no claims against the original parties remain – in essence what could be accomplished by filing a new lawsuit.

## CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Plaintiff's motion for reconsideration (Docket #28) is DENIED.

cc: counsel of record